**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KAMAL K. PATEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PEACE, INC., et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 14-4026-KHV |

**ORDER**

Kamal K. Patel brings suit pro se against Peace, Inc., Wilson Parmar, Grace Parmar, Holiday Inn Express & Suites-Pratt and John or Jane Does. See Civil Complaint For A Constructive Trust And Damages For Breach Of Contract And For Unlawful Racketeering Under The Civil RICO Act (Doc. #1) filed April 14, 2014. Specifically, as assignee of David, Inc. and Atul Patel, M.D., plaintiff asserts claims for breach of contract and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a) and (c). See id. This matter is before the Court on Defendants Peace, Inc., Holiday Inn Express & Suites-Pratt, Wilson Parmar, And Grace Parmar's Motion To Dismiss (Doc. #12) filed May 30, 2014. For reasons set forth below, the Court finds that the motion should be sustained in part.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and views them in the light most favorable to the nonmoving party to determine whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Brown v. Montoya, 662 F.3d 1152, 1162 (10th Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is

plausible – and not merely conceivable – on its face. Iqbal, 556 U.S. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**Facts**

Highly summarized, the complaint alleges the following relevant facts:

In early 2005, plaintiff's brother, Dr. Atul Patel, M.D. ("Atul"), met with Wilson Parmar and

Grace Parmar to discuss a joint business venture for the construction and operation of a La Quinta Inn in Dodge City, Kansas. Atul and the Parmars agreed to form a corporation – David, Inc. – to develop the hotel. More specifically:

> (a) [Atul] and the Parmars agreed that they would develop a La Quinta Inn & Suites in Dodge City, Kansas and that a corporation under the name of David, Inc. would be formed for this development with [Atul] owning 60% of its shares, the Parmars owning 30% and a third party to own 10%.
> (b) It was acknowledged between the parties that the Parmars did not have all the capital necessary for a full 30% interest in David, Inc. The parties agreed that [Atul] would loan the Parmars money in order for the Parmars to acquire the full 30% interest. [Atul] could have increased his own personal stake in David, Inc. However, [Atul] agreed to finance the Parmars' increased stake because [Atul] wanted the Parmars to be happy and satisfied with their percentage of ownership so as to foster loyalty, fidelity and hard work. [Atul] did in fact loan the Parmars thousands of dollars, interest free, for this increased stake in David, Inc. It was both implicitly and explicitly understood by the parties that this agreement obligated the Parmars to exercise the utmost degree of honesty, trustworthiness, and integrity and prohibited any dishonesty.
> (c) The Parmars were to be made Directors of David, Inc. and General Managers in charge of all day-to-day operations of the La Quinta. The Parmars were to receive a salary in addition to their share of the profits and did in fact receive such a salary.
> (d) The parties also discussed operational aspects of the La Quinta. It was acknowledged that the business would involve large amounts of cash. [Atul] expressly demanded complete honesty, integrity and meticulous accounting of all monies received and expended. This condition was non-negotiable and a deal breaker should the Parmars refuse. The Parmars expressly agreed to [Atul's] conditions and agreed to provide full, complete and honest accounting. As part of this agreement, it was expressly agreed upon that the Parmars would not use any corporate property for improper personal gains.
> (e) It was expressly agreed upon that the Parmars would discharge their duties on the Board and as Directors with the highest degree of care, loyalty, fidelity, trustworthiness and good faith.
> (f) It was expressly agreed upon that the Parmars would discharge their duties as General Managers with the highest degree of care, loyalty, fidelity, trustworthiness and good faith.

Complaint (Doc. #1) at 6.

The Parmars entered a contract with David, Inc. to serve as directors and to provide the following services:

>   (a) Devote their full time and exclusive services to the affairs of David, Inc.;
>   (b) Act in the best interests of David, Inc.;
>   (c) Act with the utmost good faith on behalf of David, Inc.;
>   (d) Avoid any situations which would cause them to have a conflict of interest;
>   (e) Bound themselves to a duty of loyalty and care to David, Inc.;
>   (f) Refrain from self-dealing, from usurping corporate opportunity, and from receiving any improper personal benefits;
>   (g) Refrain from making any unauthorized expenditures, withdrawals, and distributions of any corporate funds or sale of its assets; and
>   (h) Keep all shareholders fully informed of all material matters relating to David, Inc., including a full accounting on a monthly basis of all monies received and expended, and any corporate opportunity which may present itself, and any other matters which would be considered important.

Id. at 8-9.

The Parmars entered a contract with David, Inc. to serve as General Managers of the La Quinta and to provide the following services:

>   (a) The Parmars would use the highest degree of good faith towards the employer;
>   (b) The Parmars would not profit at the employer's expense beyond the terms of the employment agreement;
>   (c) Meticulously account for all monies received and expended including a prohibition from any misappropriation, embezzlement, theft and personal use of employer monies; and
>   (d) Operate the La Quinta Inn in the best interests of David, Inc. and its shareholders.

Id. at 9.

The Parmars breached their contracts with Atul and with David, Inc., by implementing schemes to siphon money from David, Inc. to build a Holiday Inn for Peace, Inc. in Pratt, Kansas. As employees and directors of Peace, Inc., the Parmars engaged in a pattern of racketeering activity with the intent to engage in criminal conduct, including use of phony bank accounts, wire fraud and credit card fraud, in violation of RICO.

The complaint alleges that Atul and David, Inc. have assigned their rights under their contracts with the Parmars to plaintiff.

The complaint sets out eleven counts: Count One seeks to place the Holiday Inn-Pratt and its profits in a constructive trust, alleging that the funds used to construct the Holiday Inn can be directly traced to monies which the Parmars embezzled from David, Inc. Count Two alleges that the Parmars breached their contract with Atul and seeks as damages lost profits and the lost value of Atul's interest in David, Inc. Counts Three and Four allege that the Parmars breached their contract with David, Inc. and seek $700,000 in damages. Count Six alleges breach of contract with David, Inc. by Doe #2. Counts Seven through Ten allege that the Parmars engaged in racketeering in violation of RICO, causing financial injury to David, Inc. and therefore to Atul.[1] Count Eleven seeks an accounting and disgorgement of all profits which the Parmars and Peace Inc. have gained from the Holiday Inn-Pratt.[2]

## Analysis

### I. Plaintiff's Claims As Assignee Of Atul Patel (Counts 1-2, 7-11)

Defendants assert that the Court must dismiss all claims of plaintiff as assignee of Atul because the injuries alleged were injuries to David, Inc. and not to Atul.

Generally, "conduct which harms a corporation confers standing on the corporation, not its shareholders." Bixler v. Foster, 596 F.3d 751, 756-57 (l0th Cir. 2010). Corporate shareholders do not have standing to sue for alleged injuries to a corporation unless the management of the corporation fails to pursue the claims for reasons other than good-faith business judgment. This

---

[1] Count Eight also alleges a RICO claim against Doe #2 as the accountant for David, Inc. Count Ten also alleges a RICO claim against Does #1 and #2 as employees of David, Inc. See Complaint (Doc. #1) at 33-34.

[2] Count Five alleged breach of contract against Bank of America but plaintiff dismissed that Count.

general rule also applies to RICO claims. Id. at 756-59 (diminution in value of stock not "direct" injury and does not bestow standing on shareholder to advance RICO claim).  Although plaintiff points out that the complaint alleges a separate contract between Atul and the Parmars, the only damages which he seeks for breach of that contract are "losses attributable to a decrease in [Atul's] share of the profits and value of his shares" in David, Inc. See Complaint (Doc. #1) at 19.  Thus, all the claims which plaintiff asserts as assignee of Atul are improper derivative claims of David, Inc.  See Bixler, 596 F.3d at 756-59.  The Court therefore finds that plaintiff's claims as assignee of Atul should be dismissed.

**II.     Plaintiff's Claims As Assignee Of David, Inc. (Counts 1, 3-4, 7-11)**

Defendants contend that the Court must dismiss plaintiff's claims as assignee of David, Inc. because plaintiff is not represented by counsel.  The Tenth Circuit has repeatedly held that a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se. Tal v. Hogan, 453 F.3d 1244, 1254-55 (10th Cir. 2006); see Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir. 2001).  In this case, however, David, Inc. has allegedly assigned its claims to plaintiff.  Plaintiff therefore argues that he can proceed without counsel on the corporate claims.

The Tenth Circuit has not addressed whether an assignee of an artificial entity may proceed pro se.  Faced with this question, other courts have held that an individual who has been assigned claims from a corporation cannot proceed pro se.  See Patel v. Parmar, No. 13-1444-MLB, 2014 WL 3845437, at *1 (D. Kan. Aug. 4, 2014) (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983); Wolfe v. Rodriguez, No. 13-60709-CIV,

2013 WL 6885176, at *3 (S.D. La. Dec. 31, 2013); Bell v. South Bay European Corp., 486 F. Supp.2d 257, 258-59 (S.D.N.Y. 2007) (assignee of trust)).  These cases reason that to allow a corporation to assign claims to a non-lawyer who appears pro se would flout well-established and purposeful public policy that laypersons may not represent corporations.  See, e.g., Palazzo, 764 F.2d at 1385 (only proper representative of corporation is licensed attorney, "not an unlicensed layman regardless of how close his association with the partnership or corporation"); In re Las Colinas Dev. Corp., 585 F.2d 7, 11 (1st Cir. 1978) (general rule applies even where person seeking to represent corporation is president and major stockholder)

In this case, David, Inc. allegedly suffered damages of $700,000 dollars in lost profits.  In addition, plaintiff seeks treble damages for the RICO violations.  If David, Inc. had brought these claims on its own behalf, it would be required to retain counsel.  The Court discerns "no reason to permit any evasion of the general rule by the simple expedient of the assignment of corporate claims to the pro se plaintiff."  Parmar, 2014 WL 3845437, at *2.  The Court therefore finds that in order to proceed, plaintiff must be represented by counsel.

**IT IS THEREFORE ORDERED** that Peace, Inc., Holiday Inn Express & Suites-Pratt, Wilson Parmar, And Grace Parmar's Motion To Dismiss (Doc. #12) filed May 30, 2014 be and hereby is **SUSTAINED IN PART**.  Each of plaintiff's claims as assignee of Atul Patel is dismissed for failure to state a claim, i.e., Count Two and the portions of Counts One, Four, Seven, Eight, Nine, Ten and Eleven which plaintiff brings as assignee of Atul Patel.

**IT IS FURTHER ORDERED** that Peace, Inc., Holiday Inn Express & Suites-Pratt, Wilson Parmar, And Grace Parmar's Motion To Dismiss (Doc. #12) filed May 30, 2014 be and hereby is **OVERRULED** as to plaintiff's claims as assignee of David, Inc., i.e., Counts Three and Four and

the portions of Counts One, Seven, Eight, Nine, Ten and Eleven which plaintiff brings as assignee of David, Inc.

**IT IS FURTHER ORDERED** that on or before **April 30, 2015**, plaintiff shall retain counsel to proceed with his claims as assignee of David, Inc. If counsel who is admitted to practice before this Court has not entered an appearance by that date, the Court will enter an order dismissing these claims without further notice.

Dated this 31st day of March, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
